UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:12-cv-02519 KJM KJN |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| ALAN S. COLEMAN and STACI E. COLEMAN, | |
| Defendants. | |

On December 19, 2013, this court held a hearing on plaintiff's motion for default judgment against non-taxpayer defendant Alan S. Coleman (hereinafter "defendant").[1] Lee Perla appeared telephonically for plaintiff and no appearance was made by defendant. After considering the briefing in support of the motion, the undersigned recommends that plaintiff's motion for default judgment be granted.

////

---

[1] Plaintiff also sought relief against defendants Staci E. Coleman and Alan S. Coleman, jointly. Compl. ¶¶ 8-13. In its motion for default judgment, plaintiff explained that, as a result of the resolution of a separate action, see Sand Canyon Corp. v. Coleman, et al., Case No. 2:12-cv-02107 JAM KJN (E.D. Cal.), the joint liabilities alleged in its First Claim for Relief have been paid in full. ECF No. 20-1 at 2, 13. On December 18, 2013, plaintiff filed a notice of voluntary dismissal of its First Claim for Relief as to defendants Staci E. Coleman and Alan S. Coleman. ECF No. 22. Thus, plaintiff's motion for default judgment proceeds only on its Second Claim for Relief against defendant Alan S. Coleman individually.

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On October 9, 2012, the United States filed this action seeking to reduce to judgment federal tax assessments against Alan Coleman for outstanding federal income tax liabilities for tax years 2000, 2001, 2002, 2003, 2004, 2005 and 2006. Compl. ¶¶ 14-19.

The complaint alleges that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. (Internal Revenue Code) § 7402. Id. ¶ 3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1396 because defendant resides in this judicial district. Id. ¶ 4.

With regard to defendant, the complaint alleges that a duly authorized delegate of the Secretary of the Treasury made timely federal tax assessments for the 2000, 2001, 2002, 2003, 2004, 2005 and 2006 tax periods against defendant. Id. ¶ 15. Timely notice of and demand for payment of those assessments has been given to defendant as required by Section 6303 of the Internal Revenue Code. Id. ¶ 17. Despite notice and demand for payment of the assessments, defendant has refused or neglected to pay the tax assessments against him and there remains due and owing to the United States on those assessments the total sum of $526,473.35, plus statutory interest and other statutory additions that continue to accrue as provided by law. Id. ¶ 19; see also ECF No. 20-1 at 5 (providing an updated sum of $543,878.88 as of October 31, 2013).

Both defendants Alan S. Coleman and Staci E. Coleman were properly served. On March 27, 2013, default was entered against Alan S. Coleman and Staci E. Coleman for failure to file a responsive pleading. To date, neither defendant has appeared in this action.

On November 7, 2013, plaintiff filed a motion for default judgment seeking relief as to defendant Alan S. Coleman. ECF No. 20. Defendant did not file a response thereto.

DISCUSSION

I.     Whether Default Judgment Should be Entered

Plaintiff seeks default judgment on its Second Claim for Relief against defendant, pursuant to Federal Rules of Civil Procedure 54 and 55, and Local Rules 230 and 302(c)(19).

////

////

2

Federal Rule of Civil Procedure 55(b)(1) provides

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). However, a sum is not certain "unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 929 (9th Cir. 2004). In this case, plaintiff's claim for damages in the amount of $543,878.88 as of October 31, 2013 is not a sum certain where no doubt remains as to the amount of damages owed as a result of the default. Accordingly, entry of default judgment under Rule 55(b)(1) is not proper.

Federal Rule of Civil Procedure 55(b)(2) provides that "[i]n all other cases [other than those in which the clerk of the court may enter default judgment], the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). It is within the sound discretion of the district court to grant or deny an application for default judgment pursuant to Rule 55(b)(2). Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999)). Nonetheless, "default judgments are ordinarily disfavored." Eitel, 782 F.2d at 1471.

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. Tele Video Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded

allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

1.	Possibility of Prejudice to Plaintiff

The first factor set forth by the Ninth Circuit in Eitel considers whether the plaintiff would suffer prejudice if default judgment is not entered, and whether such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. As to the defaulting defendant, plaintiff seeks to reduce the tax assessments to judgment. Plaintiff claims that if its motion is denied, its efforts to collect the federal tax will be frustrated and the public treasury will be prejudiced. ECF No. 20-1 at 7 (quoting Key Bank Nat'l Ass'n v. Van Noy, 2008 WL 4646045 at *7 (D. Or. Oct. 17, 2008)).

Here, the court finds that plaintiff will be prejudiced if default judgment is denied because plaintiff has no other recourse for recovery of the damages suffered due to defendant's failure to comply with the tax assessments. Thus, the court finds that the first Eitel factor favors the entry of default judgment.

2-3.	Merits of Plaintiff's Substantive Claims and "Sufficiency of the Complaint"

Here, the merits of plaintiff's substantive claims and the sufficiency of the complaint are considered together below because of the relatedness of the two inquiries. It is necessary to consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978); PepsiCo, Inc., 238 F. Supp. 2d at 1175.

In its effort to reduce to judgment federal tax assessments against defendant, plaintiff filed a well-pleaded complaint that establishes (1) the statutory authority to bring this action, (2) the nature of the tax assessments and monetary amounts at issue, and (3) that the statutory notice requirements for properly assessing tax liabilities have been met. First, the United States is statutorily authorized under 26 U.S.C. § 7401 to bring this action on behalf of the IRS to collect outstanding federal tax liabilities pursuant to 26 U.S.C. §§ 6601, 6621 and 6622. Second, the complaint delineates in detail the nature of the tax assessments and monetary amounts. See

4

Compl. ¶¶ 14-19.  Lastly, plaintiff asserts that it gave timely notice to defendant concerning the tax assessments as required by 26 U.S.C. § 6303.  See id. ¶ 17.

As discussed further below, plaintiff submitted certificates of assessment supporting the amounts assessed against defendant.

Accordingly, the court finds that plaintiff's claim against defendant is sufficiently pled and supported by the evidence submitted in connection with this motion, and therefore is meritorious.  The court finds that Eitel's second and third factors favor entry of default judgment.

4.   Sum of Money at Stake

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003).  Here, the amount of money sought from defendant is certainly substantial - the United States seeks a total amount of $543,878.88, as of October 31, 2013, plus interest and other penalties accruing thereafter.  However, defendant had fair notice of this litigation and an opportunity to defend his interests, which he chose not to do.

Under these circumstances, the court finds that this factor, at the very least, does not militate against the entry of a default judgment.

5.   Possibility of a Dispute Concerning Material Facts

"The fifth Eitel factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case." Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010).  The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claim.  Here, the court may assume the truth of the well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default [ ], there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177.  Defendant's failure

5

to file an answer in this case further supports the conclusion that the possibility of a dispute as to material facts is minimal.

Accordingly, the court finds that this Eitel factor weighs in favor of granting plaintiff's motion for default judgment.

6.  Excusable Neglect

Upon review of the record before the court, there is no indication that defendant's default resulted from excusable neglect. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Defendant has had ample notice of this lawsuit. Plaintiff properly served defendant with process, and also served defendant by mail with the motion for default judgment. Despite such ample notice of this lawsuit and plaintiff's intention to move for a default judgment, defendant has not appeared in this action and has done nothing to defend himself. See Perla Declaration (ECF No. 20-3) (describing efforts made by plaintiff's counsel to contact both defendants, and their sparse responses thereto).

Accordingly, the court finds that this Eitel factor favors the entry of a default judgment.

7.  Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. Although public policy generally favors the resolution of a case on its merits, defendant's failure to defend against plaintiff's claims has made a decision on the merits impossible in this case. While this factor, standing alone, is not dispositive, see PepsiCo, Inc., 238 F. Supp. 2d at 1177, the court finds that it advises in favor of granting plaintiff's motion in combination with the other factors previously discussed.

In sum, the court finds that consideration of the Eitel factors favors granting the motion for default judgment.

II.  Terms of the Judgment to be Entered

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment. By its motion for default judgment plaintiff seeks an updated total judgment against defendant for unpaid taxes and interest in the amount of $543,878.88 as of October 31, 2013. ECF No. 20-1 at 2.

> In an action to collect tax, the government bears the initial burden of proof. The government, however, may satisfy this initial burden by introducing into evidence its assessment of taxes due.

Oliver v. United States, 921 F.2d 916, 919 (9th Cir. 1990).

Here, in support of the amount requested, plaintiff has submitted the declaration of Jose A. Arteaga, a Revenue Officer in the Small Business/Self-Employed Division within the Internal Revenue Service. ECF No. 20-2. Attached to Mr. Arteaga's declaration are breakdowns of the tax, penalties and interest for the income tax liabilities assessed against defendant for the 2001, 2002, 2003, 2004, 2005 and 2006 tax periods. These breakdowns were generated from the Internal Revenue Service's INTSTD computer program which provides a calculation of accrued interest and penalties on unpaid tax assessments. Id. Additionally, plaintiff provided Forms 4340 Certificates of Assessment, Payments and Other Specified Matters. Perla Decl. Exs. 1-7.

After carefully reviewing the documents provided by plaintiff, the court finds that the government has satisfied its initial burden of proof. See Oliver, 921 F.2d at 919 ("Normally, introduction of the assessment establishes a prima facie case."); see also United States v. Stonehill, 702 F.2d 1288, 1293 (9th Cir. 1983) ("Normally, a presumption of correctness attaches to the assessment, and its introduction establishes a prima facie case."); United States v. Combs, No. 1:12-cv-0052 AWI SMS, 2012 WL 5356037, at *3 (E.D. Cal. Oct. 30, 2012) ("These Certificates of Assessment also conclusively demonstrate that the unpaid balances due on the relevant assessments against Defendant Leroy Combs, with accrued interest, penalties, and other statutory additions as of January 5, 2012, is $1,120,146.61."); United States v. Carey, No. 2:05-CV-2176 MCE CMK, 2007 WL 1994211, at *5 (E.D. Cal. July 5, 2007) ("In the present matter, the United States has submitted the IRS Form 4340 Certificates showing the Careys' tax assessments. Such tax assessments are presumed to be correct as long as they have a minimum of factual support."). Moreover, in this case defendant has elected to not contest the amount of the assessments or the balances due. Accordingly, in light of this record, the court will recommend that judgment be entered against the defaulted defendant, and that plaintiff be awarded $543,878.88.

////

Plaintiff has also requested that post judgment interest accrue on the award. ECF No. 20-1 at 13 (requesting judgment in the amount of $543,878.88 "plus interest from October 31, 2013, as provided by 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c) until paid"). The court will also recommend that this request be granted. See Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 290 (9th Cir. 1995) ("Under the provisions of 28 U.S.C. § 1961, postjudgment interest on a district court judgment is mandatory."); Waggoner v. R. McGray, Inc., 743 F.2d 643, 644 (9th Cir. 1984) ("Interest accrues from the date of a judgment whether or not the judgment expressly includes it").

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's November 7, 2013 motion for default judgment (ECF No. 20) against defendant Alan S. Coleman be granted;

2. Judgment be entered against defendant Alan S. Coleman for individual income tax liabilities for the 2000, 2001, 2002, 2003, 2004, 2005 and 2006 tax years in the amount of $543,878.88;

3. That post judgment interest accrue on this award pursuant to 28 U.S.C. § 1961; and

4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 9, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cole2519.mdj