UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALAN S. COLEMAN,<br><br>Defendant. | No. 2:12-cv-2519 KJM KJN<br><br><br>AMENDED<br><br>FINDINGS AND RECOMMENDATIONS |

This is an action seeking to reduce to judgment federal tax assessments for outstanding federal income tax liabilities. On January 9, 2014, the undersigned issued findings and recommendations granting the United States' motion for default judgment against defendant Alan S. Coleman. (ECF Nos. 20, 24.) On February 26, 2014, the district judge adopted the findings and recommendations, ordering, in part, that:

> 1. Plaintiff's November 7, 2013 motion for default judgment (ECF No. 20) against defendant Alan S. Coleman is granted;
>
> 2. Judgment is entered against defendant Alan S. Coleman for individual income tax liabilities for the 2000, 2001, 2002, 2003, 2004, 2005, and 2006 tax years in the amount of $543,878.88;
>
> 3. Post judgment interest shall accrue on this award as provided by 28 U.S.C. § 1961;….

(ECF No. 25 at 2.) That same day, default judgment was entered. (ECF No. 26.)

////

1

Thereafter, on March 18, 2014, the United States filed a motion to amend the default judgment against defendant Alan S. Coleman. (ECF No. 27.) The United States argued that "[a]s entered, the judgment could be read as not providing for statutory interest accruing after October 31, 2013." (ECF No. 27-1 at 2.) The United States acknowledged that it had inadvertently neglected to bring the issue of statutory pre-judgment interest to the court's attention following issuance of the findings and recommendations. (Id. at 4.) As such, it requested the court to amend its order and enter a default judgment that properly accounted for all statutory interest arising by operation of law. (Id. at 3-4.)

On May 23, 2014, the district judge vacated the order granting the default judgment (ECF No. 25) and the default judgment (ECF No. 26), and referred the case back to the assigned magistrate judge for further proceedings. (ECF No. 29.) The United States' motion to amend the default judgment was denied without prejudice. (ECF No. 30.)

The court finds that the United States is entitled to the pre-judgment and post-judgment interest as requested by operation of the relevant statutes. See 26 U.S.C. §§ 6601, 6621, 6622 and 28 U.S.C. § 1961(c). The United States also specifically requested an award of statutory interest in its complaint. (ECF No. 1 at 6.) Therefore, the court recommends that default judgment be entered upon the terms proposed by the United States in its motion to amend the default judgment. (See ECF No. 27 at 2.) Other than the issue of statutory interest, the court's prior findings and recommendations remain unchanged.[1] As such, by virtue of these amended findings and recommendations, the court incorporates by reference and re-issues the prior findings and recommendations dated January 9, 2014 (ECF No. 24), except as modified here to properly

---

[1] The court notes that the United States' motion to amend the default judgment requests an amount of $559,412.52 as of October 31, 2013, as opposed to the $543,878.88 amount previously awarded in the now-vacated default judgment. However, the United States' present request appears to be an error, because the motion to amend the default judgment only raised the issue of statutory pre-judgment interest accruing after October 31, 2013, and did not explain why the October 31, 2013 calculation of tax liabilities would have changed. Moreover, the sum of the amounts from the various tax periods at issue listed in the Amended Declaration of Jose A. Arteaga (ECF No. 27-2), which accompanied the motion to amend the default judgment, still equals $543,878.88 [$129,751.84 (2000 period) + $108,963.27 (2001 period) + $115,800.40 (2002 period) + $41,003.74 (2003 period) + $94,146.31 (2004 period) + $48,243.65 (2005 period) + $5,969.67 (2006 period)].

reflect the award of statutory interest.

For the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. The United States' motion for default judgment against defendant Alan S. Coleman (ECF No. 20) be granted.

2. Judgment be entered against defendant Alan S. Coleman and in favor of the United States as follows:

    (a) In the amount of $543,878.88, for assessed individual federal income tax liabilities for the 2000, 2001, 2002, 2003, 2004, 2005, and 2006 tax periods and accrued but unassessed interest calculated through October 31, 2013 pursuant to 26 U.S.C. §§ 6601, 6621-6622, less any payments;

    (b) Interest accruing after October 31, 2013 through the date of the entry of judgment pursuant to 26 U.S.C. §§ 6601, 6621-6622; and

    (c) Interest accruing pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. §§ 6601, 6621-6622 after the entry of judgment and until paid.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: June 16, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE